**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 13** |
| | ) | |
| **TIMOTHY PHILYAW, SR.,** | ) | **CASE NO: 13-50612-WLH** |
| | ) | |
| Debtor. | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - )- - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| | ) | |
| **TIMOTHY PHILYAW, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | **ADVERSARY CASE** |
| | ) | **NO. _____** |
| vs. | ) | |
| | ) | |
| **PRA RECEIVABLES MANAGEMENT,** | ) | |
| **LLC AS AGENT OF PORTFOLIO** | ) | |
| **RECOVERY ASSOCIATES, LLC** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TURNOVER OF TITLE TO VEHICLE, ACTUAL AND**
**PUNITIVE DAMAGES, AND REQUEST FOR ATTORNEY FEES**

**COMES NOW**, Timothy Philyaw, Sr., the Debtor in the above-captioned

underlying Chapter 13 Case and the Plaintiff in this Adversary proceeding (hereinafter

the "Plaintiff") and files this Complaint against PRA Receivables Management, LLC as

agent of Portfolio Recovery Associates, LLC (hereinafter "Defendant") to turnover the

title to Plaintiff's 2005 Dodge Ram Truck, for actual and punitive damages, and for

attorney fees.  In support, Plaintiff shows this Honorable Court the following:

**JURISDICTION AND VENUE**

1.

Debtor brings this complaint pursuant to 11 U.S.C. §§'s 1301(a), 1306, 362(h), 11

U.S.C. §§' 105 524, 542; Bankruptcy Rules 9020(b) and 7001(1) to recover money or

property.

2.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (I) and (O).
This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C.
§§ 105, 362, 507, 523, 524 and 541.

3.

Venue is proper pursuant to 28 U.S.C. § 1409 as arising in the Debtor's Chapter
13 case, Case No.13-50612-LRC, filed in the Bankruptcy Court for the Northern District
of Georgia, Atlanta Division (hereinafter "Chapter 13 Case").

4.

Defendant, Portfolio Recovery Management, LLC as agent of Portfolio Recovery
Associates, LLC**,** is an LLC registered in the state of Delaware and can be served by their
registered agent, Legalinc Corporate Services Inc., 2035 Sunset Lake Road, Suite B-2,
Newark, DE, 19702.

**FACTUAL BACKGROUND**

5.

Plaintiff  filed a Chapter 13 bankruptcy on January 11, 2013, and the successor to
the Defendant, Santander Consumer USA Inc., filed Proof of Claim Number 1 on the
Claims Register on January 16, 2013.  The Defendant filed a transfer of Proof of Claim
Number 1 on November 12, 2013 stating that they had purchased the right to collect on
the underlying debt on August 27, 2013.  A copy of the filed proof of claim (Claims
Register No. 1) is attached hereto as Exhibit "A", and a copy of the Transfer of Claim
Other Than For Security (Document Number 30) is attached hereto as Exhibit "B".

6.

Pursuant to the Debtor's confirmed Plan, the Debtor was to pay $795.00 per month to his Chapter 13 plan.  Additionally, the  Debtor would increase his Chapter 13 Plan Payments in August 2017 to $1,525 upon the completion of the non-filing spouse's car loan. A copy of the plan ( Docket No. 18) is attached hereto as Exhibit "C".

7.

The Debtor's Third Amended Plan was confirmed by this Court on August 13, 2013.  A copy of the Confirmation Order is attached hereto as Exhibit "D."

8.

On February 28, 2018, the Debtor received his Chapter 13 Discharge Order (Docket No. 54).    A copy of the Discharge Order is attached hereto as Exhibit "E".

9.

On July 3, 2018 Debtor's counsel sent a letter to Defendant demanding the title be provided to his office within 30 days.  A copy of the letter is attached hereto as Exhibit "F".

10.

As of the date of the filing of this Complaint, neither the Plaintiff nor his attorney have received the title to the vehicle.

11.

As a result of the conduct of Defendant the debtor filed a motion to reopen this case with this Court, to pursue "discharge violations and other relief against creditors in this proceeding."

12.

Under Section 350(b) of the Code "a case may be reopened in the Court in which

such case was closed to administer assets, to accord relief to the debtors, or for other

cause."  This case was reopened for all of the reasons provided for in the said Code

section.

13.

Prior and subsequent to the reopening of this case the debtors have engaged in

meetings with their attorney and members of his staff about this matter.

**FIRST CLAIM FOR RELIEF**

14.

The allegations in paragraphs 1 through 13 of this complaint are realleged and

incorporated herein by this reference.

15.

The actions of Defendant after receiving notice of the order of discharge entered

on February 18, 2018 constitute a gross violation of the discharge injunction as set forth

in 11 U.S.C. Section 524.

16.

As a result of the above violation of 11 U.S.C. Section 524, the Defendant is

liable to the Plaintiffs for actual damages, punitive damages and legal fees under Section

105 of Title 11 of the United States Code.

**SECOND CLAIM FOR RELIEF**

17.

The allegations in paragraphs 1 through 16 of this complaint are realleged and

incorporated herein by this reference.

18.

The conduct of the Defendant in this case has substantially frustrated the discharge order entered in this case and has caused the debtors unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

19.

In order to carry out the provisions of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendant pursuant to the provisions of Section 105 of the Code.

20.

In order to protect debtors who have completed their Chapter 13 plans and secured a full discharge thereunder this Court must impose sanctions against the Defendant for its misconduct in this case.

**THIRD CLAIM FOR RELIEF**

21.

The allegations in paragraphs 1 through 20 of this complaint are realleged and incorporated herein by this reference.

22.

The Confirmation Order in this case permitted Defendant to retain the title to the vehicle "pending discharge" of its debt in this case.

23.

The Confirmation Order imposed an affirmative duty on AmeriCredit to release

its lien on the title to the vehicle and to deliver the said title to the Plaintiffs upon entry of the Discharge Order.

24.

The failure of Defendant to provide an accurate release of its lien on the said title and to deliver the title to the Plaintiffs in a timely manner post-discharge was and is in violation of the Confirmation Order in this case.

25.

As a result, the Plaintiffs are entitled to the recovery of actual damages, punitive damages and legal fees.

**FOURTH CLAIM FOR RELIEF**

26.

The allegations in paragraphs 1 through 25 of this complaint are realleged and incorporated herein by this reference.

27.

The title to the vehicle in this case was and is property of the debtor's Estate in Bankruptcy.

28.

The reopening of this case under Section 350(b) of the Bankruptcy Code grants to this Court jurisdiction to administer assets of this case including but not limited to the title to the said vehicle.

29.

As of the date of the reopening of this case Defendant was under a direct and affirmative duty to turnover the said title to the vehicle to the Plaintiff with its lien duly

canceled and released.

30.

The failure of the Defendant to turnover the said title violated Section 542 of the Bankruptcy Code.

31.

As a result thereof, the Plaintiffs are entitled to the recovery of actual damages, punitive damages and legal fees.

**FIFTH CLAIM FOR RELIEF**

32.

The allegations in paragraphs 1 through 31 of this complaint are realleged and incorporated herein by this reference.

33.

The title to the vehicle in this case was and is property of the debtor's Estate in Bankruptcy.

34.

The reopening of this case under Section 350(b) of the Bankruptcy Code grants to this Court jurisdiction to administer assets of this case including but not limited to the title to the said vehicle.

35.

As of the date of the reopening of this case the Defendant was under a direct and affirmative duty to turnover the said title to the vehicle to the Plaintiffs with its lien duly canceled and released.

36.

The failure of the Defendant to immediately turnover the said title to the Plaintiffs

constituted an unlawful act to exercise control over property of the Estate in violation of

Section 362(a)(3) of the Bankruptcy Code.

37.

As a result, the Plaintiff is entitled to the recovery of actual damages, punitive

damages and legal fees.

**WHEREFORE**, Plaintiff prays that:

(a)     this Complaint be read and considered;

(b)     Defendant be ordered to turnover to Plaintiff or Plaintiff's Attorney, Law

Offices of Michael R. Rethinger, LLC, the title to Plaintiff's 2005 Dodge

Ram Truck;

(c)     Plaintiff be awarded actual, and punitive damages, as well as reasonable

attorney's fees for time spent in preparing this complaint and any other

time reasonably necessary in litigating this matter, and;

(d)     Any and all other relief as deems by this court just and proper.

This the 12th day of December, 2018.

Respectfully submitted,

_____/S/_____
Michael R. Rethinger
Counsel for Plaintiff
Georgia Bar Number 301215

Law Offices of Michael R. Rethinger, LLC
241 Mitchell Street, SW
Atlanta, GA 30303
(770) 922-0066
michael@rethingerlaw.com

# EXHIBIT A

B 10 (Official Form 10)(04/13)

| UNITED STATES BANKRUPTCY COURT  Northern DISTRICT OF Georgia | PROOF OF CLAIM |
|---|---|

| Name of Debtor: <br><br> TIMOTHY PHILYAW | Case Number: <br><br> 13-50612 |
|---|---|

**NOTE:** *Do not use this form make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
   Santander Consumer USA Inc., Servicer for HSBC Auto Finance Inc.

**COURT USE ONLY**

Name and address where notices should be sent:
   Santander Consumer USA Inc., Servicer for HSBC Auto Finance Inc.
   P.O. Box 961245
   Fort Worth, TX 76161
   Telephone No. (888) 437-4846          email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
     *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
   Santander Consumer USA Inc., Servicer for HSBC Auto Finance Inc.
   P.O. Box 560284
   Dallas, TX 75356
   Telephone No. (888) 437-4846          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**  $ 17,836.17    plus   13.09%

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Money Loaned
     (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: <br>   7340 | 3a. Debtor may have scheduled account as: <br><br> (See instruction #3a) | 3b. Uniform Claim Identifier (optional): <br><br> (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$ 3,581.68

**Nature of property or right of setoff:** ☐ Real Estate  ☑ Motor Vehicle  ☐ Other
**Describe:**  2005  DT RAM 1500 P

**Basis for perfection:**   Certificate of Title

**Value of Property:** $19,850.00

**Amount of Secured Claim:**        $17,836.17

**Annual Interest Rate:** 13.09%  ☑ Fixed   or  ☐ Variable
**(when case was filed)**

**Amount Unsecured:**           $0.00

**5. Amount of Claim Entitled to Priority Over 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestics support obligations Over 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*\* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credit.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction#6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judements, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box:

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare Over penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and resonable belief.

| | |
|---|---|
| Print Name: | Alicia Wilson |
| Title: | Bankruptcy Clerk |
| Company: | Santander Consumer USA Inc., Servicer for HSBC Auto Finance Inc. |

Address and telephone number (if different from notice address above):

_____
_____
_____
Telephone number:_____ email:_____

/s/ Alicia Wilson          01/16/2013
(Signature)               (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U. S. C. §§ 152 and 3571.



Case Number: 13-50612

Filer(s) Name:

TIMOTHY PHILYAW

Account No: 7340

Original Claim #:

# Payoff Itemization

**Filing Date:** 1/11/2013

| | |
|---|---|
| Total Principal: | $17,473.46 |
| Total Interest: | $263.19 |
| Total Extension Fees: | $ 0.00 |
| Total Late Fees: | $ 99.52 |
| Total NSF Fees: | $ 0.00 |
| Total Legal Fees: | $ 0.00 |
| Total Repo Fees: | $ 0.00 |
| **Payoff)** | $17,836.17 |

**RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

| | TOWN & COUNTRY DODGE, INC. | |
|---|---|---|
| No. | 1630 IRIS DRIVE | 4472 KLONDIKE RD |
| | CONYERS, GA 30094 | LITHONIA, GA 30038-4642 |
| Date 10/18/06 | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2005 | VIN 3D3HA18H65G820142 | Other: |
|---|---|---|---|
| | Make DODGE | Lic. No./Year | |
| | Model RAM 1500 | ☐ New ☒ Used | |

| Description of Trade-In | 04 | FORD | F-350 DRW |
|---|---|---|---|

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 49200.72 , plus finance charges accruing on the unpaid balance at the rate of 13.09% per year from today's date until maturity. Finance charges accrue on a 365 day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at 13.09% per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.
☐ **ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price. ☐ paid proportionally with each payment.
☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.
**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 1000.00 |
|---|---|---|---|---|
| 13.09 % | $ 22467.36 | $ 49200.72 | $ 71668.08 | $ 72668.08 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 995.39 | MONTHLY BEGINNING 12/02/2006 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
**Late Charge:** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due or $50.
**Prepayment:** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint Prem. $ N/A Term _____
**Credit Disability:** Insured _____
☐ Single ☐ Joint Prem. $ N/A Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____ _____ _____ _____
Buyer d/o/b Buyer d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ _____ N/A you get insurance from or through us you will pay $ N/A for _____ of coverage.

This premium is calculated as follows:
☐ $ _____ Deductible, Collision Coverage $ N/A
☐ $ _____ Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A

Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____
_____
_____ . This Service Contract will be in effect for _____

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ 881.72 ) | $ | 48881.72 |
| Service Contract, Paid to: _____ | $ | N/A |
| Amount to Finance line e. (if e. is negative) | $ | N/A |
| Cash Price | $ | 48881.72 |
| Manufacturer's Rebate $ N/A | | |
| Cash Down Payment $ N/A | | |
| Deferred Down Payment $ N/A | | |
| a. Total Cash/Rebate Down | $ | N/A |
| b. Trade-In Allowance $ 36100.00 | | |
| c. Less: Amount owing $ 35100.00 | | |
| Paid to: FORD MOTOR CREDIT | | |
| d. Net Trade-In (b. minus c.) | $ | 1000.00 |
| e. Net Cash/Trade-In (a. plus d.) | $ | 1000.00 |
| Down Payment (e.; disclose as $0 if negative) | $ | 1000.00 |
| Unpaid Balance of Cash Price | $ | 47881.72 |
| Paid to Public Officials - Filing Fees | $ | 28.00 |
| Insurance Premiums* | $ | N/A |
| Additional Finance Charge(s), Paid to Seller | $ | N/A |
| To: DOC FEE | $ | 499.00 |
| To: _____ | $ | N/A |
| To: DEALER THEFT GUARD * | $ | 197.00 |
| To: GAP PREMIUM FEE * | $ | 595.00 |
| Total Other Charges/Amounts Pd. to Others | $ | 1319.00 |
| Less: Prepaid Finance Charges | $ | N/A |
| Amount Financed | $ | 49200.72 |

*We may retain or receive a portion of this amount.

**NOTICE TO BUYER**
Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.**

Buyer: _____
Signature _Timothy Phillips_ 10/18/06
                                        Date

Signature _____ _____
                                        Date
Seller: By TOWN & COUNTRY DODGE INC.

**ASSIGNMENT:** This Contract and Security Agreement is assigned to HSBC _____ the Assignee, phone _____ . This assignment is made ☐ under the terms of a separate agreement. ☒ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse _____
Seller By TOWN & COUNTRY DODGE INC. Date 10/18/06

**GEORGIA** RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
Experian™ © 1982, 1995 Bankers Systems, Inc., St. Cloud, MN Form RSSIMVLF-GA 11/15/2005
MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES (page 1 of 2)

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Total Sale Price. The Total Sale Price is the total price of the Vehicle and services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

The law of Georgia will govern this transaction. It is also governed by applicable federal law and regulations. In the event of a dispute, the exclusive forum, venue, and place of jurisdiction will be in Georgia, unless otherwise required by law.

**NAME AND LOCATION:** Your name and address indicated on page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days notice prior to changing your name or principal residence.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.

B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.

C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.

E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.

F. You will pay all taxes and assessments on the Property as they become due.

G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs, reasonable attorneys' fees (if referred for collection to an attorney not a salaried employee of ours) and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:

A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we add to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.

E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. Notice of intent to dispose of the personal property will be delivered to you within 10 days pursuant to Ga. Code Ann. § 44-14-411.1. You will have 30 days from the date of this notice to claim the personal property. If you do not claim the personal property, a second notice will be sent. If you do not claim the personal property within 30 days after the date of the second notice, the personal property will be disposed of. Any proceeds will be dispersed according to Ga. Code Ann. § 44-14-412.

**WAIVER AND ASSIGNMENT OF EXEMPTIONS:** You waive and renounce all exemptions as they relate to any interest in the Property. You assign to us sufficient amount of exemptions to pay the amount due under this Contract. You direct any trustee to deliver to us a sufficient amount of the Property claimed as exempt to pay off the amount so allowed on this debt.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

Signature                Date

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

---

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this agreement are described in a separate writing(s) and not as provided below.)

Seller warrants:

A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.

B. The statements contained in this Contract are true and correct.

C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.

D. This sale was completed in accordance with all applicable federal and state laws and regulations.

E. This Contract is valid and enforceable in accordance with its terms.

F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.

G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of Buyer, and may be sold or assigned by the Seller.

H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.

I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.

J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

# Georgia Certificate of Title

DISCLAIMER: DO NOT ACCEPT THIS TITLE WITHOUT THE SECURITY THREAD LOCATED APPROXIMATELY TWO INCHES FROM LEFT EDGE.

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | TYPE OF BODY | MODEL | CYL | DATE ISSUED |
|---|---|---|---|---|---|---|
| 3D3HA18H65G820142 | DODGE | 2005 | TRUCK | RAM TRUCK SRT - 10 | | 11/07/2006 |

| DATE VEHICLE PUR. | FUEL | NEW OR USED | ODOMETER* | PREVIOUS TITLE NBR/STATE OF ISSUE | NBR OF LIENS | COLOR | CURRENT TITLE NUMBER |
|---|---|---|---|---|---|---|---|
| 10/18/2006 | GASOLINE | USED | 002933 | 771763061791040/GA | 1 | RED | 779805063063089 |

**OWNER**

TIMOTHY PHILYAW
4472 KLONDIKE RD
LITHONIA GA 30038-4642

ODOMETER READING IS ACTUAL MILEAGE OF THE VEHICLE UNLESS OTHERWISE INDICATED BELOW.

MAIL TO

HSBC
PO BOX 17902
SAN DIEGO  CA  92177-7902

**1ST LIEN OR SECURITY INTEREST**

HSBC
PO BOX 17902
SAN DIEGO  CA  92177-7902

**2ND LIEN OR SECURITY INTEREST**

**3RD LIEN OR SECURITY INTEREST**

**RELEASE OF LIEN OR SECURITY INTEREST**

| DATE OF RELEASE | SECURITY INTEREST HOLDER | AUTHORIZED AGENT |
|---|---|---|
| 1ST LIEN | | BY |
| 2ND LIEN | | BY |
| 3RD LIEN | | BY |

The Georgia Department of Revenue issued this title pursuant to the Motor Vehicle Certificate of Title Act and this title is subject to its provisions. The Department certifies that on application duly made, the person named herein is registered as the lawful owner of the vehicle described subject to any liens or security interests set forth and such liens or security interests as may subsequently be filed with the Commissioner.

017689194

STATE REVENUE COMMISSIONER

20 26 3 3 6 7

**N.A.D.A. Official Used Car Guide®**
**Automated Vehicle Valuation**

Tuesday, January 15, 2013

---

| | | | | |
|---|---|---|---|---|
| **Guide Edition:** | January 2013 | **Region:** | Southeastern | |
| **Vehicle:** | 2005   DODGE TRUCK | | | |
| | Ram 1500 Pickup-V8 | **VIN:** | 3D3HA18H65G820142 | |
| | Quad Cab SRT-10 2WD (V10) | **Weight:** | 5,450 | |
| **Mileage:** | 105,001 | **MSRP:** | $50,000.00 | |
| **Base Retail:** | $19,850.00 | **Base Trade:** | $16,450.00 | **Base Loan:** $14,825.00 |

---

**Accessory Adjustments:**

| | (Retail) | (Trade) | (Loan) |
|---|---|---|---|
| Aluminum/Alloy Wheels | (w/body) | (w/body) | (w/body) |
| Leather Seats | (w/body) | (w/body) | (w/body) |
| Power Seat | (w/body) | (w/body) | (w/body) |

---

| | | | |
|---|---|---|---|
| **Mileage Adj.:** | $0.00 | **(Trade) Accessory Adj.:** | $0.00 |

---

### Total N.A.D.A. Official Used Car Values

| | | |
|---|---|---|
| **Retail:** $19,850.00 | **Trade:** $16,450.00 | **Loan:** $14,825.00 |

---

All NADA Values Reprinted With Permission Of
N.A.D.A. Official Used Car Guide Company  Copyright NADASC 1996

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS that the undersigned, HSBC Auto Finance Inc, HSBC Auto Credit Inc., HSBC Auto Accounts Inc., Beneficial Connecticut Inc., Beneficial Consumer Discount Company, Beneficial Financial I Inc., Beneficial Florida Inc., Beneficial Kentucky Inc., Beneficial Loan & Thrift Co., Beneficial Louisiana Inc., Beneficial Maine Inc., Beneficial Massachusetts Inc., Beneficial Michigan Inc., Beneficial New Hampshire Inc., Beneficial New York Inc., Beneficial Oregon Inc., Beneficial Rhode Island Inc., Beneficial South Dakota Inc., Beneficial Tennessee Inc., Beneficial West Virginia Inc., Beneficial Wyoming Inc., Household Finance Consumer Discount Company, Household Finance Corporation II, Household Finance Corporation III, Household Finance Corporation of Alabama, Household Finance Corporation of California, Household Finance Corporation of Nevada, Household Financial Center Inc., Household Industrial Finance Company, Household Realty Corporation and HSBC Credit Center, Inc. (collectively, "HSBC" or the "Grantor"), does make, constitute and appoint Santander Consumer USA Inc., an Illinois corporation and its affiliates, successors and assigns ("SCU") without any right of revocation and with full power of substitution, as the true and lawful Agent and Attorney-in-Fact on behalf of the Grantor in its place and stead with respect only to matters described in paragraphs 1 and 2 below, to do, exercise and/or perform each, any and every act, exercise and power that the Grantor might or could do, exercise and/or perform through any other person, that SCU shall deem advisable, proper and/or necessary, in connection with, and consistent with the terms of that certain Asset Purchase Agreement dated as of November 9, 2009 by and between SCU and HSBC, and that certain Servicing Agreement dated as of November 9, 2009 among HSBC and SCU, as such agreements now exists and may hereafter be amended or supplemented (the "Agreements"), intending hereby to vest SCU full power and authority with respect to only the following:

1. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's or its successor's name, place and stead, all agreements, instruments, documents, assignments and certificates that SCU in its sole discretion deems advisable, desirable, proper and/or necessary for SCU to grant, receive, maintain or perfect a security interest in each Vehicle pursuant to the Agreements, including any Dealer Agreement, Dealer Assignment, Alliance Agreement or Alliance Assignment as it relates to the Purchased Loans by SCU from Grantor ("Dealer Document") and the proceeds thereof in favor of SCU, to exercise the rights of the Grantor with respect to each Vehicle related to a Dealer Document and the proceeds thereof, including without limitation, the right to repossess and dispose of any repossessed Vehicle, to grant, sell, assign and transfer each Dealer Document to SCU, and to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the foregoing. Defined terms used herein but not defined herein shall have the meanings set forth in the Agreements. The foregoing shall include without limitation the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title and financing statements with respect to Vehicles and all amendments and supplements thereto and to sign any assignments of the Dealer Documents to SCU, that SCU in its sole discretion deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreements.

2. To prepare, execute, deliver, endorse and negotiate in the name of the Grantor payment checks applicable to Dealer Documents.

The Grantor does hereby ratify and confirm any and all things whatsoever SCU may do or may have already done by virtue hereof with respect to the powers and authorities granted hereby. This Power of Attorney shall be deemed to have been executed under seal, to be coupled with an interest shall be irrevocable, shall survive the incapacity of the undersigned and shall extend to any successor of the Grantor.

This Power of Attorney shall commence on the date hereof and shall continue in full force and effect until each of the Dealer Documents assigned to SCU becomes fully paid (or is repurchased by the Grantor or the applicable Dealer or Alliance Relationship and SCU is repaid for such Dealer Document in accordance with the terms of the Agreements), at which time this Power of Attorney shall terminate.

IN WITNESS WHEREOF each Assignor has executed this Power of Attorney this 15th day of March 2010.

HSBC Auto Finance Inc.
HSBC Auto Credit Inc.
HSBC Auto Accounts Inc.

By: _____
Name: Joan M. Coppenrath
Title: Executive Vice President, Chief Financial Officer
Treasurer & Secretary

STATE OF CALIFORNIA    )
                          ) SS
COUNTY OF               )

On this _____ day of March 2010, before me, a Notary Public in the State of California, personally appeared Joan M. Coppenrath, to me personally known to be the an officer of the Grantor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Grantor.

_____               [SEAL]
Notary Public

| | |
|---|---|
| Beneficial Connecticut Inc. | Beneficial Consumer Discount Company |
| Beneficial Financial I Inc. | Beneficial Florida Inc. |
| Beneficial Kentucky Inc. | Beneficial Loan & Thrift Co. |
| Beneficial Louisiana Inc. | Beneficial Maine Inc. |
| Beneficial Massachusetts Inc. | Beneficial Michigan Inc. |
| Beneficial New Hampshire Inc. | Beneficial New York Inc. |
| Beneficial Oregon Inc. | Beneficial Rhode Island Inc. |
| Beneficial South Dakota Inc. | Beneficial Tennessee Inc. |
| Beneficial West Virginia Inc. | Beneficial Wyoming Inc. |
| Household Finance Consumer Discount Company | Household Finance Corporation II |
| Household Finance Corporation III | Household Finance Corporation of Alabama |
| Household Finance Corporation of California | Household Finance Corporation of Nevada |
| Household Financial Center Inc. | Household Industrial Finance Company |
| Household Realty Corporation | |

By: _____
Name: Tammy Knipfer
Title: Vice President – Treasurer & Controller

HSBC Credit Center, Inc.

By: _____
Name: Tammy Knipfer
Title: President

STATE OF ILLINOIS    )
                      ) SS
COUNTY OF LAKE    )

On this _____ day of March 2010, before me, a Notary Public in the State of Illinois, personally appeared Tammy Knipfer, to me personally known to be an officer of the Grantor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Grantor on behalf of the entities named above her signature.

_____               [SEAL]
Notary Public

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of ____SAN DIEGO____ }

On ____MARCH 10, 2010____ before me, ____AYESHA BARAAN____
       Date                                    Here Insert Name and Title of the Officer

personally appeared ____JOAN M COPPARATA____
                                   Name(s) of Signer(s)

AYESHA BARAAN
Commission # 1704434
Notary Public - California
San Diego County
My Comm. Expires Nov 13, 2010

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                        Signature of Notary Public

Place Notary Seal Above

### OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

# EXHIBIT B

Form 210A (12/09)

# United States Bankruptcy Court

NORTHERN DISTRICT OF GEORGIA

In Re:                                                          Case No.  1350612
TIMOTHY PHILYAW, SR

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE, or deemed filed under 11 U.S.C. § 1111 (a). Transferee hereby gives
evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim
referenced in this evidence and notice.

PRA Receivables Management, LLC., as agent of
Portfolio Recovery Associates, LLC                          Santander Consumer USA Inc.
-------------------------------------------                 -------------------------------------------
Name of Transferee                                         Name of Transferor

Name and Address where notices to transferee              Court Claim # (if known): 1
should be sent:                                            Amount of Claim: $17,836.17
Portfolio Recovery Associates, LLC                        Date Claim Filed: 01/16/2013
POB 41067
Norfolk, VA 23541

Phone: (877)829-8298                                       Phone:
Last Four Digits of Acct # :  7340                        Last Four Digits of Acct #: 7340

Name and Address where transferee payments                Seller Information
Should be sent (if different from above)                   SANTANDER CONSUMER USA
Portfolio Recovery Associates, LLC                        8585 N. Stemmons Freeway Ste 1100N
POB 12914                                                  Dallas TX 75247
Norfolk, VA 23541

Phone: (877)829-8298
Last Four Digits of Acct # :  7340

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my
knowledge and belief.

By: /s/ Dolores Garcia                                     Date: 11/6/2013
    -------------------------------------------
    Transferee/Transferee's Agent
Email: Bankruptcy_Info@portfoliorecovery.com

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

## EXHIBIT "B"
## BILL OF SALE AND ASSIGNMENT

Santander Consumer USA Inc. ("Seller"), for value received and pursuant to the terms and conditions of the Financial Assets Sale Agreement, Effective Date of **27 August 2013**, with a Closing Date being the same, between Seller and Portfolio Recovery Associates, LLC (**PRA** "Buyer"), its successors and assigns ("Financial Assets Sale Agreement"), hereby assigns effective as of the Closing Date:

(a) all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in the Financial Assets Sale Agreement and Financial Asset Schedule (attached hereto as Exhibit "A" attached hereto and made part hereof for all purposes, and

(b) all principal, interest or other proceeds of any kind with respect to the Financial Assets described on the Financial Asset Schedule, but excluding any payments or other consideration received by Seller on or prior to the Cut-off Date.

Pursuant to the foregoing assignment, the Seller stipulate that Buyer may be substituted for Seller as the valid owner of the Accounts and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) or otherwise.

**SANTANDER CONSUMER USA INC.**

By: _____

Name: _____ Jason Grubb _____

Title: _____ COO _____


STATE OF TEXAS      )
                            )
COUNTY OF DALLAS   )


Sworn before me this *twenty-seventh* (27th) *day of August, the year of our Lord, two thousand & thirteen* (2013).

KRISTINA ANNE CARBONNEAU
Notary Public, State of Texas
My Commission Expires
November 26, 2016

_____
(Notary Stamp & Signature)

My commission expires: ___11|26|16___

# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT
## Northern District of Georgia
## Atlanta Division

In re:

Timothy Philyaw, Sr.,

Debtor.

Case No.  13-50612-MHM

Chapter  13

## THIRD AMENDED CHAPTER 13 PLAN

☐ **Extension**                              ☒ **Composition**

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$795.00** per month, to Trustee by [☐] Payroll Deduction(s) or by [☒] Direct Payment(s) for the applicable commitment period of **36** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

  **IF CHECKED**, the following alternative provision will apply if selected:

    ☒ Plan payments will increase by $730 (to $1,525) in August 2017 upon completion of non-filing spouse's car loan.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

  (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which

is fixed by the United States Trustee.

(B). **Debtor's Attorney's Fees.** The attorney fees to be paid by Debtor are in the amount of **$5,000.00** for services rendered in the case. Prior to the filing of the case the attorney received **$500.00.** The balance of the fees shall be disbursed by Trustee as follows: (a) upon the first disbursement of the plan following confirmation of a plan, the Trustee shall disburse up to **$4,500.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to **$445.00** per month until the fees are paid in full; (b) if the case is dismissed or converted to Chapter 7 or 11 prior to confirmation of the plan, the Trustee shall pay fees up to **$4,500.00** from available funds.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☒ None. If none, skip to Plan paragraph 5(B).
   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.
   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. § 101(14A).
   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. §507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property and arrearage claims secured by real property and arrearages on unexpired leases or executory contracts.

| (a)<br>Creditor | (b)<br>Estimated arrearage<br>Claim | (c)<br>Projected monthly arrearage<br>payment |
|---|---|---|
| None | $0 | $0 |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

| (a)<br>Creditor | (b)<br>Estimated arrearage<br>Claim | (c)<br>Projected monthly arrearage<br>payment |
|---|---|---|
| None | $0 | $0 |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| Internal Revenue Service (POC #1) | $2,130.82 |
| Georgia Department of Revenue (POC #5) | $0 (treat as filed) |

## 6. Secured Claims.

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

☒ to the Trustee pending confirmation of the plan or ☐ Directly to the creditor.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Monthly adequate protection payment amount |
|---|---|---|
| Fred Jones | 1993 International Dump Truck | $120 |
| Santander | 2005 Dodge Ram 1500 | $217 |
| TitleMax | 1997 Ford F350 | $25 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c)

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).

Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Claim<br>amount | (e)<br>Interest rate | (f)<br>Monthly<br>payment |
|---|---|---|---|---|---|
| **None** | | | | | |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Replacement<br>value | (e)<br>Interest<br>rate | (f)<br>Monthly<br>payment |
|---|---|---|---|---|---|
| **Fred Jones<br>(POC #7)** | **1993 International<br>Dump Truck** | **N/A** | **$10,000** | **0%** | **$100** |
| **Santander<br>(POC #1)** | **2005 Dodge Ram<br>1500** | **2006** | **$17,836.17** | **4%** | **$180** |
| **TitleMax<br>(POC #4)** | **1997 Ford F350** | **N/A** | **$1,000** | **0%** | **$15** |
| **Ada Sadler<br>(POC #8)** | **Judgment** | **N/A** | **$950.16** | **0%** | **$15** |

**(B) Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor | (b)<br>Property description | (c)<br>Estimated pre-petition Arrearage | (d)<br>Projected monthly arrearage payment |
|---|---|---|---|
| None | | | |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| None | |

**7. Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$18,211.37.** After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$10,000.00** or **0%**, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

| (a)<br>Creditor | (b)<br>Nature of lease or executory contract | (c)<br>Payment to be paid directly by Debtor | (b)<br>Projected arrearage monthly payment through plan |
|---|---|---|---|
| None | | | |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

**(A). Special classes of unsecured claims:  None**

**(B). Direct payments to creditor: None.**

**(C). Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not specifically treated under the plan, shall be funded **with 0% interest** as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph f(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

**(D).  Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed secured claims which are being treated by the plan are satisfied.  If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan.  To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph.  This paragraph shall apply to the following creditors:

**Neff Rental
and
Waste Industries**

**(E).  Monthly billing statements**.  Any creditors which are to be paid directly under this plan are authorized and encouraged to send monthly billing statements to the debtor at the mailing address on record with the Bankruptcy Court in this case.

**(F).  Miscellaneous provisions:**  Any federal tax refunds that are issued to the Debtor during the Applicable Commitment Period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor instructs and authorizes the Internal Revenue Service to send any refund issued during the Applicable Commitment Period directly to the Debtor's Chapter 13 Trustee.

Dated this 6th day of June, 2013.                    By:


___/S/_____                    _____/S/_____
**Michael R. Rethinger**                              **Timothy Philyaw, Sr., Debtor**
**Georgia Bar Number 301215**
Attorney for Debtor
72 Spring Street, SW
Atlanta, GA 30303
(770) 922-0066
michael@rethingerlaw.com

# EXHIBIT D

Case 13-50612-lrc   Doc 22   Filed 08/14/13   Entered 08/14/13 08:09:31   Desc Main
Document   Page 1 of 1
Case 13-50612-mhm   Doc 22   Filed 08/14/13   Entered 08/14/13 08:09:31   Desc M conf
Plan & order Debtor   Page 2 of 3

**UNITED STATES BANKRUPTCY COURT**

**Northern District of Georgia**

**Atlanta Division**

In Re:  Debtor(s)

**Timothy Philyaw Sr**
4472 Klondike Road
Lithonia, GA 30038

**xxx–xx–5781**

Case No.: **13–50612–mhm**
Chapter: **13**
Judge:  **Margaret Murphy**

# ORDER CONFIRMING PLAN

The Chapter 13 Plan of Debtor or Debtors (hereinafter "Debtor") has been transmitted to all creditors. Debtor's plan, or plan as modified, satisfies the requirements of 11 U.S.C. § 1325.

Accordingly, it is ORDERED that

(1) The Chapter 13 plan is confirmed;

(2) Property of the estate shall not revest in Debtor until the earlier of discharge of Debtor, dismissal of the case, or closing of case without the entry of a discharge, unless the Court orders otherwise;

(3) A creditor must have a proof of claim filed with the Clerk of Court in order to receive a distribution under this plan, without regard to any other provision of the plan; and

(4) Because no party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. § 521(i)(2) and because the parties in interest should not be subjected to any uncertainty as to whether this case is subject to automatic dismissal under § 521(i)(1), Debtor is not required to file any further document pursuant to § 521(a)(1)(B) to avoid an automatic dismissal and this case is not and was not subject to automatic dismissal under § 521(i)(1). This does not prevent any party in interest from requesting by motion that Debtor supply further information described in § 521(a)(1)(B), and this does not prevent the Chapter 13 Trustee from requesting by any authorized means, including but not limited to motion, that the Debtor supply further information.

The Clerk is directed to serve a copy of this Order on the Debtor(s), the Attorney for the Debtor(s), the Chapter 13 Trustee, all creditors and other parties in interest.

**IT IS SO ORDERED.**

Margaret Murphy
United States Bankruptcy Judge

Dated:  August 14, 2013
Form 133

# EXHIBIT E

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Timothy Philyaw Sr** | | Social Security number or ITIN | xxx–xx–5781 |
| | First Name   Middle Name   Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN | _ _ _ _ |
| | | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Northern District of Georgia** | | | |
| Case number: | **13–50612–lrc** | | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

  **Timothy Philyaw Sr**

## IT IS FURTHER ORDERED THAT:

Any employer of the debtor(s) against which a Chapter 13 Employee Deduction Order is in effect shall cease immediately withholding from the wages, salary, commissions, or other earnings or income of the debtor any monies on account of the Chapter 13 case.

The Attorney for the debtor(s) shall serve a copy of this order upon any employer of the debtor who is subject to an Employee Deduction Order.

  2/28/18

By the court:

Lisa Ritchey Craig
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

  ♦ debts that are domestic support obligations;

  ♦ debts for most student loans;

  ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W        **Chapter 13 Discharge**        page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

**This Bankrutcy Discharge is an important document that you should retain in the event a copy is needed in the future. If you request a copy from the Clerk's Office at a later date you will be required to pay a fee.**

Form 3180W                    **Chapter 13 Discharge**                    page 2

# EXHIBIT F

Law Offices of Michael R. Rethinger, LLC
241 Mitchell Street, SW
Atlanta, GA  30303
P 770.922.0066
F 866.656.4321
E michael@rethingerlaw.com

July 3, 2018

Portfolio Recovery Associates, LLC
Attn: Dolores Garcia, Agent
POB 41067
Norfolk, VA 23541

Re:     Timothy Philyaw, Sr.
        Chapter 13 Case No: 13-50612-LRC
        2005 DT Ram 1500 P, VIN 303HA18H65G820142

To whom it may concern,

My client, Timothy Philyaw, Sr., received a discharge in his Chapter 13 bankruptcy on February 28, 2018.  On January 16, 2013, Santander Consumer USA Inc; Servicer for HSBC Auto Finance Inc. filed Proof of Claim No. 1-1, for the above-referenced vehicle.  On November 12, 2013, PRA Receivables Management, LLC., as agent of Portfolio Recovery Associates, LLC filed a Transfer of Claim Other Than For Security.

My client has informed me that as of date of this letter, he has not received the title to the vehicle.

Please provide the title to the vehicle to my office within 30 days in order to avoid legal action.

Yours truly,

Michael R. Rethinger
Georgia Bar Number 301215
Attorney for Debtor

Cc: Santander Consumer USA Inc., Servicer for HSBC Auto Finance Inc.
Attn: Alicia Wilson, Bankruptcy Clerk
P.O. Box 961245
Fort Worth, TX 76161

SANTANDER CONSUMER USA
8585 N. Stemmons Freeway Ste 1100N
Dallas TX 75247

| UNITED STATES BANKRUPTCY COURT  Northern DISTRICT of Georgia | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  TIMOTHY PHILYAW | Case Number:  13-50612 | |
|---|---|---|

**NOTE:** *Do not use this form make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C.§ 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
  Santander Consumer USA Inc., Servicer for HSBC Auto Finance Inc.

**COURT USE ONLY**

Name and address where notices should be sent:
  Santander Consumer USA Inc., Servicer for HSBC Auto Finance Inc.
  P.O. Box 961245
  Fort Worth, TX 76161
Telephone No. (888) 437-4846          email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
  *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
  Santander Consumer USA Inc., Servicer for HSBC Auto Finance Inc.
  P.O. Box 560284
  Dallas, TX 75356
Telephone No. (888) 437-4846          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**  $ 17,836.17    plus   13.09%

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  Money Loaned
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:  7340 | 3a. Debtor may have scheduled account as:    (See instruction #3a) | 3b. Uniform Claim Identifier (optional):    (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$ 3,581.68

**Nature of property or right of setoff:** ☐ Real Estate  ☑ Motor Vehicle  ☐ Other
**Describe:**  2005  DT RAM 1500 P

**Basis for perfection:**   Certificate of Title

**Value of Property:** $19,850.00

**Amount of Secured Claim:** $17,836.17

**Annual Interest Rate:** 13.09%  ☑ Fixed  or  ☐ Variable
**(when case was filed)**

**Amount Unsecured:** $0.00

**5. Amount of Claim Entitled to Priority Over 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestics support obligations Over 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

**Amount entitled to priority:**

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credit.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction#6)

B 10 (Official Form 10)(04/13)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box:

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare Over penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and resonable belief.

| | | | |
|---|---|---|---|
| Print Name: | Alicia Wilson | | |
| Title: | Bankruptcy Clerk | | |
| Company: | Santander Consumer USA Inc., Servicer for HSBC Auto Finance Inc. | /s/ Alicia Wilson | 01/16/2013 |
| | | (Signature) | (Date) |

Address and telephone number (if different from notice address above):

_____

_____

_____

Telephone number:_____ email:_____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U. S. C. §§ 152 and 3571.

Case 13-50612-mhm  Claim 1  Filed 01/16/13  Desc Main Document  Page 3 of 3

3



Case Number:  13-50612

Filer(s) Name:

TIMOTHY PHILYAW

Account No:  7340

Original Claim #:

# Payoff Itemization

## Filing Date: 1/11/2013

| | |
|---|---|
| Total Principal: | $17,473.46 |
| Total Interest: | $263.19 |
| Total Extension Fees: | $ 0.00 |
| Total Late Fees: | $ 99.52 |
| Total NSF Fees: | $ 0.00 |
| Total Legal Fees: | $ 0.00 |
| Total Repo Fees: | $ 0.00 |
| **Payoff)** | $17,836.17 |

Form 210A (12/09)

# United States Bankruptcy Court

NORTHERN DISTRICT OF GEORGIA

In Re:                                                    Case No.  1350612
TIMOTHY PHILYAW, SR


### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE, or deemed filed under 11 U.S.C. § 1111 (a). Transferee hereby gives
evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim
referenced in this evidence and notice.


PRA Receivables Management, LLC., as agent of
Portfolio Recovery Associates, LLC
--------------------------------------------
Name of Transferee

Santander Consumer USA Inc.
--------------------------------------------
Name of Transferor

Name and Address where notices to transferee
should be sent:
Portfolio Recovery Associates, LLC
POB 41067
Norfolk, VA 23541

Court Claim # (if known): 1
Amount of Claim: $17,836.17
Date Claim Filed: 01/16/2013

Phone: (877)829-8298
Last Four Digits of Acct # :  7340

Phone:
Last Four Digits of Acct #: 7340

Name and Address where transferee payments
Should be sent (if different from above)
Portfolio Recovery Associates, LLC
POB 12914
Norfolk, VA 23541

Seller Information
SANTANDER CONSUMER USA
8585 N. Stemmons Freeway Ste 1100N
Dallas TX 75247

Phone: (877)829-8298
Last Four Digits of Acct # : 7340


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my
knowledge and belief.

By: /s/ Dolores Garcia                                    Date: 11/6/2013
    --------------------------------------------
     Transferee/Transferee's Agent
Email: Bankruptcy_Info@portfoliorecovery.com


*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

## EXHIBIT "B"
## BILL OF SALE AND ASSIGNMENT

Santander Consumer USA Inc. ("Seller"), for value received and pursuant to the terms and conditions of the Financial Assets Sale Agreement, Effective Date of **27 August 2013**, with a Closing Date being the same, between Seller and Portfolio Recovery Associates, LLC (**PRA** "Buyer"), its successors and assigns ("Financial Assets Sale Agreement"), hereby assigns effective as of the Closing Date:

(a) all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in the Financial Assets Sale Agreement and Financial Asset Schedule (attached hereto as Exhibit "A" attached hereto and made part hereof for all purposes, and

(b) all principal, interest or other proceeds of any kind with respect to the Financial Assets described on the Financial Asset Schedule, but excluding any payments or other consideration received by Seller on or prior to the Cut-off Date.

Pursuant to the foregoing assignment, the Seller stipulate that Buyer may be substituted for Seller as the valid owner of the Accounts and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) or otherwise.

**SANTANDER CONSUMER USA INC.**

By: _____

Name: _____ Jason Grubb _____

Title: _____ COO _____

STATE OF TEXAS      )
                    )
COUNTY OF DALLAS  )

Sworn before me this *twenty-seventh* (27th) *day of August, the year of our Lord, two thousand & thirteen* (2013).

KRISTINA ANNE CARBONNEAU
Notary Public, State of Texas
My Commission Expires
November 26, 2016

_____
(Notary Stamp & Signature)

My commission expires: __11/26/16__

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Timothy Philyaw Sr** | | Social Security number or ITIN | xxx–xx–5781 |
| | First Name   Middle Name   Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | | Social Security number or ITIN | _ _ _ _ |
| | First Name   Middle Name   Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Northern District of Georgia** | | | |
| Case number:  **13–50612–lrc** | | | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

**Timothy Philyaw Sr**

## IT IS FURTHER ORDERED THAT:

Any employer of the debtor(s) against which a Chapter 13 Employee Deduction Order is in effect shall cease immediately withholding from the wages, salary, commissions, or other earnings or income of the debtor any monies on account of the Chapter 13 case.

The Attorney for the debtor(s) shall serve a copy of this order upon any employer of the debtor who is subject to an Employee Deduction Order.

2/28/18

By the court:

Lisa Ritchey Craig
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

---

Form 3180W

**Chapter 13 Discharge**

page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

**This Bankrutcy Discharge is an important document that you should retain in the event a copy is needed in the future. If you request a copy from the Clerk's Office at a later date you will be required to pay a fee.**